UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Virginia

TR-EQUIPEMENT, LTD.,            )
                               )
      Plaintiff,               )
                               )
v.                             )  Civil Action No. 1:08cv226
                               )
MI2INTERNATIONAL, INC.,        )
                               )
       Defendant.              )


REPORT AND RECOMMENDATION

This matter came before the Court pursuant to an Order from
the Honorable James C. Cacheris (Dkt. No. 10.) and plaintiff's
Motion for Default Judgment. (Dkt. No. 11.)  After a
representative for defendant MI2International failed to respond
to plaintiff's Motion or to appear at the August 22, 2008
hearing, the Court took plaintiff's Motion under advisement.

I. INTRODUCTION

Plaintiff TR-Equipement, Ltd. ("TR-Equipement" or
"plaintiff") filed suit against defendant MI2International, Inc.
("MI2International" or "defendant") alleging copyright and
trademark infringement based on defendant's use of plaintiff's
Bald Eagle Logo ("logo") in connection with publications and
internet advertisements marketing defendant's personal security
and consulting services.  Plaintiff alleges that defendant's use
of the logo constitutes a violation of Section 106 of the

Copyright Act of 1976, 17 U.S.C. § 106 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## A.  Jurisdiction and Service

This Court has subject matter jurisdiction over this case pursuant to 17 U.S.C. § 501, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

Plaintiff filed its Complaint on March 7, 2008.  After an initial attempt to serve defendant's registered agent in Colorado was unsuccessful, plaintiff served an alias summons on the corporate defendant, which was returned executed on May 13, 2008.[1]  Additionally, plaintiff's counsel, Jeffrey H. Greger, stated in his Declaration ("Greger Decl.") that he sent a copy of the Complaint to MI2International's outside trademark counsel, Susan J. Larsen, but was informed by Ms. Larsen that she no longer represented MI2International and had been unsuccessful in her own attempts to contact the corporation.  (Greger Decl. ¶ 4).

## B.  Venue

Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a).  Defendant MI2International is a corporation subject to personal jurisdiction in this District, maintains a correspondent office in this District, has an agent who resides and may be found in this District and, therefore, defendant is deemed to reside in this District for the purposes

---

[1] According to the Return of Service (# 6), Brenna Maxwell accepted the service on behalf of MI2International.

of venue.

## C. Grounds for Entry of Default

On June 30, 2008, plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 8.)  The Clerk entered Default on July 3, 2008. (Dkt. No. 9.)  On August 19, 2008, plaintiff filed a Motion for Default Judgment ("Mot. Default J.") and Memorandum in Support thereof.  (Mem. Supp. Default J.") To date, defendant MI2International has failed to answer or otherwise respond to plaintiff's Complaint, or to serve a copy of any answer or other response upon plaintiff's attorney of record.  (Mem. Supp. Default J. 2-3.)  When a representative of MI2International failed to attend the August 22, 2008 hearing on plaintiff's Motion for Default Judgment, the Court took the Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff TR-Equipement, a French corporation, sells military equipment for use by personnel in the police, enforcement, military and paramilitary fields. (Compl. ¶ 3.)  In 2005, plaintiff commissioned a logo for its ownership and use in advertisements and promotional materials disseminated to the public in magazines, at trade shows, and on its website both internationally and in the United States.  (Id.)  The logo

3

consists of the head of a bald eagle, in left profile, in a grey circle outlined with a bold black line.  The eagle's eye and beak are yellow, and the eagle's head is shaded with gray and black.  (Id. ¶ 26.)  Plaintiff's logo is inherently distinctive and functions as a source indicia and service mark for the products and services provided by plaintiff.  (Id. ¶¶ 22-23.) As a result of the use and display of the logo in conjunction with the advertisement and sale of plaintiff's products and services, the public and the trade use the logo to identify the quality and source of plaintiff's military equipment products. Through this use, plaintiff's logo has established good will with the public and in the trade.

Defendant is a Colorado corporation and maintains a correspondent office in Northern Virginia, as evidenced by the contact and location information provided on its website, www.mi2international.com.[2]  According to the website, defendant is a provider of personal security consultation and training services, which it markets to government entities as well as military, law enforcement, and corporate organizations. Defendant's website and the promotional materials defendant provides at trade shows prominently feature a Bald Eagle logo identical to that owned and used by plaintiff.

---

[2] MI2International's website indicates that it has a correspondent office in Virginia and lists a phone number with a Northern Virginia area code as the contact number for its local representative.

Before filing the instant lawsuit, plaintiff's counsel communicated with Susan J. Larsen, defendant's outside trademark counsel, who, at that time, represented defendant with respect to a pending trademark application. (Greger Decl. ¶ 5.) The subject matter of defendant's pending application was the identical logo, for which plaintiff already owned the copyright. (Id.) At the time of the communication, Ms. Larsen stated that she had been in communication with defendant MI2International and that defendant was fully aware of plaintiff's claims to ownership of copyright and trademark rights. (Id.)

Plaintiff has registered the logo in full compliance with the Copyright Law. (Compl. ¶ 14.) The Certificate of Copyright, attached as Exhibit D to plaintiff's Complaint, indicates that plaintiff's first date of publication of the logo was March 13, 2005 and that copyright certification was obtained on January 17, 2008. Indeed, plaintiff has been using the logo in relation to military equipment sales on publications internationally and in interstate commerce since at least March 2005. (Compl. ¶ 15.) Plaintiff remains the sole owner of all rights, title and interests in the copyright associated with the logo.

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the court must ensure that the

complaint properly states a claim. <u>GlobalSantaFe Corp. v. Globalsantafe.com</u>, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

Plaintiff's two count Complaint asserts a copyright infringement claim and an infringement of unregistered trademark claim against defendant.

## A. Copyright Claim

Count I of the Complaint asserts that defendant, with full knowledge of plaintiff's rights, has infringed and continues to infringe plaintiff's copyright by using an identical Bald Eagle logo on defendant's website and promotional materials, which defendant distributes throughout the United States and abroad. (Compl. ¶ 17.) Defendant copied and used plaintiff's logo without the consent, approval or license of plaintiff. (<u>Id</u>.) Before filing the instant action, plaintiff communicated with counsel for defendant and informed defendant of plaintiff's copyright in the logo. (Compl. ¶ 18; Greger Decl. ¶ 5.) Plaintiff requested that defendant cease its infringing use of the logo. (Compl. ¶ 18.) Defendant MI2International refused to stop using the logo and asserted that it had independently created the logo. (<u>Id</u>.) Defendant has failed to produce any evidence of this alleged independent creation, however.

The Court finds that defendant's website and promotional materials contain identical copies of the logo owned exclusively and registered by plaintiff.  Defendant's use of the logo constitutes a violation of plaintiff's copyright under 17 U.S.C. § 106.

## B. Trademark Claim

Count II asserts that defendant's use of plaintiff's logo on publications advertising defendant's security consultation services creates a likelihood of confusion, mistake or deception as to the source of origin of defendant's security consultation services.  (Compl. ¶¶ 34-35.)  The Lanham Act provides that

> "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of face, or false or misleading representation of fact which (A) is likely to cause confusion, or to case mistake, or to deceive as to the affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

15 U.S.C. § 1125(a).

According to plaintiff, the public and others in the trade are likely to believe that defendant's personal security consultation services are connected or associated with plaintiff's military equipment sales, or are authorized, sponsored or approved by plaintiff, or are otherwise affiliated

7

or connected with plaintiff by virtue of the fact that defendant is using plaintiff's logo on publications promoting defendant's goods. (Compl. ¶ 35.)  Indeed, it appears that defendant has used the logo in connection with a business that competes with or at least is substantially similar to plaintiff's business.  Such similarity further increases the likelihood of confusion.

On May 17, 2007, defendant filed an application with the United States Patent and Trademark Office (USPTO) to register the logo as its own mark.[3]  Notably, defendant filed the application nearly two years after the first date of publication of the logo by plaintiff.[4]  In an affidavit supporting defendant's '106 application, defendant's attorney asserted a first use date of August 14, 2006.  (Compl. ¶ 31.)  This date is more than a year after plaintiff's first date of publication of the logo.  On August 6, 2007, plaintiff filed an application to register the logo as a service mark with the USPTO.[5]  (Id. ¶ 32.)  After examining plaintiff's '323 application, the USPTO issued an Office Action asserting a likelihood of confusion between the identical mark appearing in defendant's '106 application and the same mark at issue in plaintiff's '323 application.  (Id. ¶ 33.)

---

[3] The USPTO assigned Serial Number 77/170,106 to defendant's application ("the '106 application").

[4] Plaintiff's Certificate of Copyright, attached to the Complaint as Exhibit D, indicates that plaintiff's first date of publication of the logo was March 13, 2005.

[5] The USPTO assigned Serial Number 77/248,323 to plaintiff's application ("the '323 application").

As a result of defendant's earlier filed '106 application, plaintiff is unable to obtain trademark rights in the logo that plaintiff paid to have created and for which plaintiff has already obtained copyrights.

Accordingly, the undersigned Magistrate Judge finds that defendant's actions constitute a violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).  Defendant MI2International's unauthorized use of plaintiff's logo in a competing business has caused and, if allowed to persist, will continue to cause harm to plaintiff's business as well as the good will associated with plaintiff's logo.

## IV. REQUESTED RELIEF

### A.  Statutory Damages

"[A]n infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . or (2) statutory damages."  17 U.S.C. § 504(a).  "The copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action . . . in a sum of not less than $750 or more than $30,000."  17 U.S.C. § 504(c).  As there has been no discovery in this case, it is not possible to ascertain the extent to which defendant has profited from the unauthorized use of plaintiff's logo.  Thus, plaintiff seeks an award of $30,000

9

in statutory damages instead of an actual damages award.  (Mem. Supp. Default J. 4-5.)

The Court finds plaintiff's request to be reasonable. Defendant's use of plaintiff's logo in publications and internet presence advertising defendant's security consultation services violates plaintiff's exclusive right to reproduce the copyrighted work and distribute copies of the copyrighted work as outlined in 17 U.S.C. 106(1) and (3).  Accordingly, plaintiff is entitled to statutory damages as compensation for defendant's infringement.

## B.  Attorneys Fees and Costs

Plaintiff also seeks an award of $11,099.00 for attorneys' fees and costs.  (Mem. Supp. Default J. 5-6.)  Pursuant to the Copyright Act, plaintiff is entitled to an award of full costs and reasonable attorneys' fees.  17 U.S.C. § 505.  In pursuing this matter, plaintiff has incurred $9,540.00 in legal fees and $1,539.56 in other costs.  (Greger Decl. ¶¶ 7-8; Mem. Supp. Default J. 5-6.)  The undersigned Magistrate Judge finds these fees and costs to be reasonable.

## C.  Injunctive Relief

Plaintiff also requests a permanent injunction restraining defendant from using plaintiff's Bald Eagle logo in advertising and promotional materials.  (Mem. Supp. Default J. 6.)  Under the Copyright Act, a court of competent jurisdiction "may ... grant temporary and final injunctions on such terms as it may deem

reasonable to prevent or restrain infringement of a copyright."
17 U.S.C. § 502.

Accordingly, the undersigned Magistrate Judge finds that
plaintiff is entitled to injunctive relief in order to prevent
continued harm to plaintiff caused by defendant's unauthorized
use of plaintiff's owned and copyrighted logo.

## V. <u>RECOMMENDATION</u>

The undersigned Magistrate Judge recommends default judgment
be entered against defendant and that plaintiff be awarded
$11,079.56 in attorneys' fees and costs pursuant to 17 U.S.C. §
505 and $30,000.00 in statutory damages pursuant to 17 U.S.C. §
504.  Thus, the total recommended monetary award is $41,079.56.
Additionally, under 17 U.S.C. § 502(a) and 15 U.S.C. §§ 1116 and
1125, the undersigned Magistrate Judge recommends an injunction
be entered restraining MI2International, its officers, directors,
principals, agents, employees, successors, assigns, and all
individuals or entities acting in concert or in participation
with defendant from using in defendant's advertising and
promotional materials or otherwise as a trademark or service mark
the Bald Eagle logo copyrighted and owned by plaintiff TR-
Equipement.[6]

---

[6] In its Complaint, plaintiff requested the Court direct the
Commissioner of Patents and Trademarks to refuse to register
MI2International's pending trademark application.  Plaintiff did
not request such relief in either the Motion for Default or Brief
in Support of Default Judgment and Damages, however, and the
Court does not have the jurisdiction to so order the USPTO.

VI.   <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within ten (10) days of its service.  A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record, and to defendant at the following address:

        MI2International Inc.
        4600 S. Ulster Street
        Suite 700
        Denver, Colorado 80237


                        _____/s/_____
                        THERESA CARROLL BUCHANAN
                        UNITED STATES MAGISTRATE JUDGE


September 24, 2008
Alexandria, Virginia